**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01627-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Richard Bernal, | |
| Defendant. | |

Defendant Richard Bernal filed a motion to reconsider the Court's ruling on Defendant's motion to suppress and for a new a trial. Doc. 91. The government filed a response in opposition, and Defendant filed a reply. Docs. 92, 98. No party has requested oral argument. For the reasons set forth below, the Court will deny the motion.

**I.      Background.**

Defendant was charged with being a felon in possession of a firearm and ammunition based on evidence acquired from a traffic stop by Phoenix police officers in the early morning hours of March 1, 2010. Prior to trial, Defendant filed a motion to suppress all evidence resulting from the stop by Phoenix Police Officer Travis Morrison, including a firearm and ammunition found at the scene and statements Defendant made to police officers. Doc. 36. Defendant argued that Officer Morrison had detained him without reasonable suspicion in violation of his Fourth Amendment rights, and that the evidence should be suppressed as the fruit of an illegal seizure. *Id.* at 4-8. Following briefing and an evidentiary hearing on May 30, 2013, the Court found that Officer Morrison's detention of Defendant was supported by reasonable suspicion. Doc. 58. The

Court issued an order denying Defendant's motion on June 7, 2013. *Id.* at 6. A three-day jury trial commenced on June 18, 2013, and the jury returned a guilty verdict on June 20, 2013.

Defendant asks the Court to reconsider its denial of his motion to suppress based on new evidence, specifically the trial testimony of Officer Morrison and Officer Blake Richey. Doc. 91 at 3-6. Defendant argues that this new evidence should cause the Court to rethink its assessment of Officer Morrison's credibility at the May 30, 2013 suppression hearing. *Id.* at 6. This reassessment, Defendant argues, should in turn cause the Court to reverse its denial of Defendant's motion to suppress and order a new trial. *Id.*

## II. Legal Standards.

### A. Motion to Reconsider.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

### B. Motion for a New Trial.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To prevail on a motion for new trial based on newly discovered evidence, the movant must satisfy a five-part test: "'(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of lack of diligence on the defendant's part; (3) the

evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.'" *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (quoting *U.S. v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991)).

**III.   Discussion.**

  **A.   Motion for Reconsideration.**

The government argues that Defendant's motion for reconsideration should be denied as both procedurally and substantively unsound. The Court will address both arguments.

    **1.   Procedural Objections.**

The government contends that Defendant's motion is untimely because it was not filed within 14 days of the challenged judgment as required by Local Rule 7.2(g). Doc. 92 at 2-3. Rule 7.2(g) states that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g). The government argues that the motion is additionally procedurally unsound because it raises the same arguments Defendant made in his initial motion to suppress. Doc. 92 at 3.

Defendant argues, and the Court agrees, that good cause exists to excuse untimeliness in this case. *See* Doc. 98 at 2-3. The "new evidence" that Defendant relies on consists of testimony heard at trial on June 18 and 19, 2013, and Defendant filed his motion 14 days later on July 3, 2013. Because Defendant's motion for reconsideration is based exclusively on evidence that came out at trial, purportedly showing that Officer Morrison was not credible, Defendant could not have filed his motion prior to hearing that evidence. Furthermore, once the evidence that Defendant had moved to dismiss had been presented at trial, Defendant had no further reason to seek reconsideration of his motion to suppress until the trial concluded with a guilty verdict on June 20, 2013. Defendant filed his motion for reconsideration within 14 days of acquiring the evidence and within 14 days after the trial concluded. The Court finds that Defendant had good

cause for waiting to move for reconsideration until such time.

The Court also is not persuaded that Defendant's motion for reconsideration is procedurally flawed because it makes the same arguments made in his initial motion to suppress. Although Defendant challenged Officer Morrison's credibility in his briefing and oral argument in support of his motion to suppress, his basis for doing so now rests on trial testimony that did not exist at that time. The Court will grant a motion for reconsideration where "[t]here are new material facts that happened *after* the Court's decision." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (emphasis in original).

## 2. Substantive Objections.

Defendant suggests that the Court found reasonable suspicion to detain Defendant based in large part on Officer Morrison's testimony at the motion to suppress hearing. Defendant argues that the Court should find that testimony not credible in light of Officer Morrison's subsequent trial testimony. Defendant argues that Officer Morrison testified at the motion hearing that he did not remember any statements he made to Detective Olson when interviewed a month after the traffic stop, and he specifically denied telling Detective Olson that Defendant was handcuffed when he placed him on the curb, whereas at trial he repeatedly stated "I do not deny making those statements [to Detective Olson]." Doc. 91 at 3-4. Defendant also argues that Officer Morrison testified to facts at trial that were not part of his police report or prior testimony, including that he wore gloves when he recovered the gun and placed Defendant in his patrol car while Officer Richey stood guard over the gun. Defendant asserts that this testimony conflicts with statements Officer Morrison made in his police report and to Detective Olson that he pushed Defendant down and recovered the gun before placing Defendant under arrest. *Id.* at 4. This testimony, Defendant argues, also conflicts with Officer Richey's testimony that he did not stand guard over the gun or observe Officer Morrison retrieving it and placing Defendant in the patrol car because he was busy handcuffing and transporting his own suspect. *Id.* at 5.

- 4 -

1    The government argues that the proffered contradictions in Officer Morrison's
2 trial testimony are not sufficient to invalidate the Court's finding that he had reasonable
3 suspicion to detain Defendant during the March 1 traffic stop. Doc. 92 at 4-5. The Court
4 agrees. The Court's finding of reasonable suspicion was based on a number of factors,
5 many of which were independently corroborated or are not in dispute. These include that
6 a 911 caller placed a call to the police shortly after 2 a.m. and reported a possible hit-and-
7 run accident at the exit ramp of I-10 and north 51st Avenue. *See* Doc. 58 at 1. The caller
8 described seeing a two-tone SUV nearly flip over after hitting a curb at the end of the
9 ramp, and speculated that it had been fleeing a police helicopter flying over the area. *Id.*
10 at 1-2.[1] The caller's account is consistent with the fact that there was a Phoenix Police
11 helicopter in the area at the time which could explain the vehicle's apparent flight. These
12 facts are also consistent with Officer Morrison's testimony that after the dispatcher
13 relayed this information he found the SUV matching the caller's description at about 2:30
14 a.m., less than one-quarter mile from I-10 and 51st Avenue, and that the vehicle had two
15 flat tires. None of these facts is disputed. The Court also found that the SUV's location
16 on a dark street in a high-crime area after the 2 a.m. closing of local bars, and the two flat
17 tires, showing that the vehicle had possibly been involved in a hit-and-run, supported its
18 finding that Officer Morrison had an objective basis to form a reasonable suspicion that
19 criminal activity was afoot. Doc. 58 at 5.

20    Officer Morrison also testified that the three men he encountered with the
21 damaged SUV acted suspiciously. He based this assertion on his observations that they
22 did not welcome his assistance as most people do when stranded in a high crime area in
23 the middle of the night, one of the men denied being in an accident at all even though the
24 911 caller and the damage to the SUV indicated otherwise, at least one of the men

---

26 [1] The Court found the 911 call reliable because the caller described the SUV in sufficient detail for Officer Morrison to identify it when he saw it, the caller accurately
27 described the location of the incident which was one-quarter mile from where Officer Morrison found the vehicle, the SUV had two flat tires on the driver's side which would
28 be consistent with hitting a curb at a high rate of speed and nearly flipping over, and the caller left his name and phone number, making him accountable for his report. Doc. 58 at 3-4.

- 5 -

appeared to be intoxicated, and none of them would admit to being the driver. Although a finding that the men behaved suspiciously rests, in part, on Officer Morrison's own observations of their behavior, the Court found his testimony as to these points credible. Officer Morrison's testimony is also consistent with the 911 caller's independent observation that the vehicle appeared to be in flight and continued to drive after hitting a curb and nearly flipping over. Defendant has offered no new facts or testimony that would call Officer's Morrison's account of the men's suspicious behavior into question. The Court found that under the totality of the circumstances, Officer Morrison had an objectively reasonable basis for detaining Defendant and his companions long enough to determine if a crime had occurred. Doc. 58 at 5. Defendant's assertion that Officer Morrison gave inconsistent testimony as to other facts at trial fails to persuade the Court that this finding was incorrect. The Court will deny Defendant's motion to reconsider its ruling denying his motion to suppress.

### B.     Motion for a New Trial.

Defendant moves for a new trial on the premise that if the Court were to reconsider its prior order and grant his motion to suppress, it would be required to invalidate his guilty verdict because tainted evidence had been introduced. Doc. 98 at 6-7. Defendant argues that the five part test in *Harrington* does not apply because that test looks at whether newly discovered evidence would likely have changed the outcome of the trial, whereas Defendant puts forth new evidence as grounds to grant his motion to suppress, requiring a new trial. *Id.* Whether the Court considers the "new evidence" under the *Harrington* standard or under the motion for reconsideration standard, the result is the same. Under *Harrington*, Defendant has not presented new evidence, but has only pointed to impeachment evidence that the jury was already permitted to consider. Under the standard for reconsideration, the "new evidence," as discussed above, does not change the Court's reasonable suspicion determination. Because the Court has already determined that it will deny Defendant's motion for reconsideration of its order finding that the gun and Defendant's own statements were admissible, and Defendant puts forth

1 | no other bases for moving for a new trial, the Court will deny the request for a new trial.

2 | **IT IS ORDERED** that Defendant Richard Bernal's motion to suppress and for a
3 | new a trial (Doc. 91) is **denied**.

4 | Dated this 26th day of August, 2013.

*David G. Campbell*
United States District Judge